DICKINSON, Presiding Justiee,
dissenting:
¶ 26. Lonnie Young claims that he shot and killed Otis Morgan in self-defense. Shakitay Harris told the police that she saw Morgan with a gun in his hand at the time of the shooting. Young relied on Shakitay to support his self-defense claim. But to Young’s great surprise, Shakitay lied on the witness stand, testifying that Morgan did not have a gun in his hand. *167 This testimony directly conflicted with Shakitay’s videotaped statement to police.
¶ 27. The trial judge initially allowed the jury to see the videotape of Shakitay’s statement, but then ruled the videotape inadmissible. After the prosecutor engaged in some back-and-forth argument with the court, the trial judge cut him off, stating “it’s up to the jury.” But the trial judge never changed his ruling on the videotape, and he never instructed the jury that he had changed his ruling. Later, the trial judge instructed the. jury to “disregard all evidence which was excluded by the Court from consideration during the course of the trial.”
¶ 28. The majority makes two points that merit careful scrutiny. The first point, according to the majority, is that
the trial court erred in sustaining the State’s objection at the conclusion of the jury’s viewing of Shakitay’s videotaped statement to the police. We also note that the testimony of an eyewitness to a shooting — and in particular, the testimony of the only eyewitness other than the defendant, who ever claimed that the victim had a weapon in his hand — is important evidence in a self-defense case.
¶ 29. The second point is that “Young should have been granted the opportunity to fully impeach [Shakitay]. However, we find that the trial court’s error was harmless.”
¶ 30. In my view, the trial court prevented Young’s counsel from engaging in on one of the most basic and fundamental rights accorded the accused in a criminal trial: the right to confront, cross-examine, and impeach witnesses whose testimony places the accused in jeopardy of conviction of a crime.
¶ 31. The majority says no-harm-no-foul, surmising that the jury figured it all out anyway, and without the assistance of cross-examination by the accused’s counsel. This totally disregards the realities of a trial. I cannot join this quantum departure from established precepts of justice, so I respectfully dissent.
¶ 32. It is also my view that Young was entitled to an imperfect-self-defense instruction. In criminal trials, defendants are entitled to jury instructions that present their theory of the case, so long as the instructions are correct and sufficient evidence supports them.[3] On appeal, we employ an abuse-of-discretion standard to review the denial of a requested instruction.[4] Young presented two theories to the jury: self-defense and imperfect self-defense.

Self-defense

¶ 33. Self-defense — sometimes called justifiable homicide — is a complete defense to murder.[5] A killing in self-defense is a homicide
committed in the lawful defense of one’s own person ... where there shall be reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished.[6]
¶ 34. To qualify as self-defense, the defendant’s apprehension of danger must be objectively reasonable.[7]

*168
Imperfect self-defense

¶ 35. Imperfect self-defense is not justifiable homicide, but is manslaughter under Mississippi law:
The killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter.[8]
¶ 36. We have held that imperfect self-defense is “an intentional killing ... if done without malice but under a bona fide (but unfounded) belief that it was necessary to prevent great bodily harm.”[9]
¶ 37. In Cook v. State, we stated that perfect self-defense is appropriate where a defendant’s apprehension was “objectively reasonable,” while imperfect self-defense is appropriate where the defendant’s apprehension — although objectively unreasonable — seemed reasonable to the defendant, that is, was “only subjectively, in his or her own mind, reasonable.”[10] Stated another way, imperfect self-defense is justified when the defendant actually thought self-defense was necessary, even though it was not.
¶ 38. In this case, by granting the self-defense instruction, the trial judge said, in essence, that Young might have shot Morgan in self-defense — that is, he might have had an objectively reasonable belief that shooting Morgan was necessary to prevent Morgan from shooting him — but he could not have had an unreasonable belief that Morgan was going to shoot him. The State argues that either Young shot Morgan in self-defense, or he murdered him.
¶ 39. It is uncontradicted that Morgan had a gun. And, although Young says Morgan pulled a gun first, other witnesses testified that Morgan did not pull the gun first. It was up to the jury to consider all the evidence and decide the facts. Had the jury been instructed on imperfect self-defense, it very well could have decided that Young unreasonably believed he was in danger and that he overreacted.
¶ 40. The trial judge found sufficient evidence to support self-defense. The record includes evidence that Young knew Morgan had a gun; that Young approached Morgan to tell him to stop “disrespecting” him by sleeping with his wife; and that Morgan responded, “F— you.” Young testified that Morgan then went for his gun, but other witnesses dispute that. Thus, the point at which Morgan’s gun appeared is disputed.
¶ 41. The Supreme Court of Wisconsin, in State v. Gomaz, held that “it is inconsistent and reversible error to deny the imperfect self-defense instruction where an instruction is given as to perfect self-defense.” [11] That court noted that self-defense is rooted in an examination of reasonableness; therefore, it is illogical to deny imperfect self-defense if the jury is instructed as to perfect self-defense.[12]
¶ 42. Although Maryland’s highest court has refused to create a bright-line rule that a self-defense instruction necessarily warrants an imperfect-self-defense instruction, that court repeatedly holds:
It is hard to imagine a situation where a defendant would be able to produce suf *169 ficient evidence to generate a jury issue as to perfect self defense but not as to imperfect self defense. It seems clear to us that if the reasonableness of a defendant’s belief is at issue, as it is in self defense, a fortiori, the existence of that belief is also at issue. Therefore, the jury must reject the reasonableness of the defendant’s belief as well as the existence of that belief to find, the defendant guilty of murder.[13]
Maryland’s Court of Appeals also cites Professors Wayne R. LaFave and Austin W. Scott’s treatise approvingly:
Where [the] “imperfect” right of self defense is recognized, it is generally the case that whenever the facts would entitle the defendant to an instruction on self defense regarding a murder charge, an instruction on this variety of manslaughter should also be given.[14]
¶ 43. While I would not go so far as the Gomaz court in Wisconsin, I do agree with the Roach court in Maryland that it is difficult to imagine a fact scenario in which a defendant is entitled to a self-defense instruction but not entitled to an imperfect-self-defense instruction. And in today’s case, the trial judge committed reversible error by refusing Young’s imperfect-self-defense instruction. I therefore dissent.
KITCHENS, CHANDLER and KING, JJ. Join this Opinion.

. Maye v. State, 49 So.3d 1124, 1129 (Miss.2010).

. Id.

. Miss.Code Ann. § 97-3-15(l)(e) (Rev.2006); Cook v. State, 467 So.2d 203, 207 (Miss.1985).

. Miss.Code Ann. § 97-3-15(l)(e) (Rev.2006).

. Hart v. State, 637 So.2d 1329, 1339 (Miss.1994).

. Miss.Code Ann. § 97-3-35 (Rev.2006) (emphasis added).

. Wade v. State, 748 So.2d 771, 775 (Miss.2000) (citing Lanier v. State, 684 So.2d 93, 97 (Miss.1996)).

. Cook v. State, 467 So.2d 203, 208 (Miss.1985).

. State v. Gomaz, 141 Wis.2d 302, 414 N.W.2d 626, 630 (1987).

.Id.

. Roach v. State, 358 Md. 418, 433, 749 A.2d 787 (Md.2000).

. Id. at 434 n. 5 (quoting 2 W. LaFave & A. Scott, Substantive Criminal Law § 7.11 (1986)).